IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr318

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL EUGENE YOUNG, | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the defendant's Rule 41(g) Motion for Return of Property (Doc. No. 16); his Motion Requesting the Status and/or Disposition of his Rule 41(g) motion (Doc. No. 19); the government's Response (Doc. No. 20); and the defendant's Reply (Doc. No. 21).

I.     BACKGROUND

On October 4, 2004, Officer Carey conducted a traffic stop of a vehicle which the defendant was driving. (Doc. No. 20: Response, Carey Aff. at 1). Officer Carey searched the car after seeing a pipe and smelling marijuana inside. He also searched the defendant after arresting him for possession of drug paraphernalia and found approximately 3.6 grams of crack cocaine in his sock. Officer Carey found other items in the car, including a knife, a stolen shotgun, $1,015.00 in U.S. currency, a cell phone, a laptop computer, and a video camera.

On December 13, 2004, a federal grand jury charged the defendant with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g), and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. (Doc. No. 1: Indictment). On March 16, 2005, the defendant pled guilty only to the firearm charge pursuant to a written plea agreement.[1] According to the agreement, the defendant agreed to forfeit all property that was

---

[1] The drug charge was dismissed at the sentencing hearing. (Doc. No. 13: Judgment).

proceeds of, or used to facilitate, a violation of state or federal law. (Doc. No. 9: Plea Agreement at ¶ 23(c)). However, the agreement did not detail the specific property to be forfeited, nor did the Judgment. (Doc. No. 13: Judgment at 5). The government did not proceed with any forfeiture action. Instead, the Charlotte-Mecklenburg Police Department donated the currency to the Charlotte-Mecklenburg School Board and sold the computer and video camera at an auction. (Doc. No. 20: Response at Ex. 1, Carey Aff. at 2). The defendant seeks the return of the currency, computer, and camera.

II.  DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides, in part, that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Courts have recognized that such a motion is proper only if the property is in the possession of the United States. United States v. Lowrie, 824 F.2d 827, 829 (10th Cir. 1987); United States v. White, 718 F.2d 260, 261 (8th Cir. 1983). However, the federal government may be held responsible for constructive possession of property retained by state agencies as potential evidence in a federal prosecution. United States v. Copeman, 458 F.3d 1070, 1072 (10th Cir. 2006). The government may retain property if it proves the property is subject to forfeiture pursuant to 21 U.S.C. § 881 or if the claimant fails to establish that he is lawfully entitled its return. Babb v. DEA, 146 F. App'x 614, 620 (4th Cir. 2005). The rule directs courts to receive evidence on any factual issue necessary to decide the motion. Fed. R. Crim. P. 41(g). Here, the Court finds that the conflicting information submitted by the parties is insufficient to resolve the issues on the pleadings.

III.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Court will receive evidence and argument of the parties at a hearing on November 30, 2009, at 9:30 a.m.  The Clerk is directed to serve a copy of this Order on the United States Attorney's Office, the United States Marshals Service, and Michael Eugene Young, No. 19860-058, FCI Butner Medium II, Federal Correctional Institution, P.O. Box 1500, Butner, North Carolina 27509, and document such action.

**IT IS FURTHER ORDERED** that the Clerk notify the Fourth Circuit of the status of this matter.

Signed: September 23, 2009

Robert J. Conrad, Jr.
Chief United States District Judge